1

2

3

4

5                      UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8   JULIO PEDRAZA,                          No. C 09-2247 MHP (pr)

9              Plaintiff,                    **ORDER OF DISMISSAL WITH
                                            LEAVE TO AMEND**
10      v.

11  WATSONVILLE POLICE
    DEPARTMENT
12  OFFICER I. RODRIGUEZ,

13              Defendant.
    _____/
14

15                          **INTRODUCTION**

16          Julio Pedraza, an inmate at the Santa Clara County Jail, filed a <u>pro se</u> civil rights

17  complaint under 42 U.S.C. § 1983, claiming that his Fourth Amendment rights were violated

18  during a traffic stop by Watsonville police officer Rodriguez.  His complaint is now before

19  the court for review pursuant to 28 U.S.C. § 1915A.

20                           **DISCUSSION**

21          A federal court must engage in a preliminary screening of any case in which a

22  prisoner seeks redress from a governmental entity or officer or employee of a governmental

23  entity.  <u>See</u> 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and

24  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

25  be granted, or seek monetary relief from a defendant who is immune from such relief.  <u>See</u>

26  28 U.S.C. §1915A(b)(1),(2).

27          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

28  a right secured by the Constitution or laws of the United States was violated and (2) that the

    violation was committed by a person acting under the color of state law.  <u>See</u> <u>West v. Atkins</u>,

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

487 U.S. 42, 48 (1988).

In his complaint, Pedraza alleges that he was a passenger in a vehicle that was stopped in the evening on October 26, 2008.  The traffic stop was initiated for a Vehicle Code violation he does not identify.  Officer Rodriquez approached the vehicle and demanded identification from both the driver and the passenger (Pedraza).  Pedraza alleges that the driver's identity "was not in issue" and "at the time he approached officer Rodriguez had no reasonable basis for suspecting me of any crime thus making this an illegal detention."  Complaint, p. 3.  He further alleges that the stop occurred in a well-populated area not known for being a high crime area and no crime had occurred, was occurring or was about to occur.  Id.  He concludes therefore that there was no reasonable suspicion to justify the detention.

As a passenger in a vehicle that has been stopped, he would have standing to claim that the traffic stop was unconstitutional.  A passenger as well as the driver is seized within the meaning of the Fourth Amendment when a traffic stop occurs.  Brendlin v. California, 551 U.S. 249, 251 (2007).   But merely having standing to assert a constitutional violation does not mean that a violation has occurred or been pled.

In United States v. Diaz-Castaneda, 494 F.3d 1146 (9th Cir.), cert. denied, 128 S. Ct. 634 (2007), the court considered a vehicle passenger's Fourth Amendment claims that parallel Pedraza's – claims about the traffic stop, the request for the passenger's identification, and the check of the passenger's license or ID card – and rejected all three claims.  The reasoning in Diaz-Castaneda requires dismissal of Pedraza's complaint.

Although Pedraza has standing to challenge the validity of the traffic stop, his complaint does not have any allegations that would show an impermissible stop.  He alleges that the vehicle was stopped for a Vehicle Code violation, and does not contend that the Vehicle Code in fact had not been violated.  He does allege that there was no crime afoot, but crimes and traffic offenses are generally separate things, and the complaint does not indicate that Pedraza means that no traffic infraction occurred when he alleges that no crime had occurred. (If he meant to allege there was no reason to believe a Vehicle Code violation had occurred, he may do so in an amended complaint.).  If there was a Vehicle Code violation, a

**United States District Court**
For the Northern District of California

traffic stop was permissible, regardless of the fact that no felony or misdemeanor had occurred.   See Diaz-Castaneda, 494 F.3d at 1152 (citing Whren v. United States, 517 U.S. 806, 810 (1996)).

The officer's request for Pedraza's identification did not offend the Fourth Amendment.  "The police may ask people who have legitimately been stopped for identification without conducting a Fourth Amendment search or seizure."  Diaz-Castaneda, 494 F.3d at 1152 (officer was permitted to ask the passenger for identification so that he could learn who the passenger in the truck was and whether he could drive the truck).

A check of Pedraza's identification, if it occurred, also was not a Fourth Amendment search or seizure.  "People do not have a reasonable expectation of privacy in their driver's license or state ID card (or the identification numbers contained in those documents) once they hand them over to police officers who legitimately asked for them."  Id. at 1153.

The complaint fails to state a claim upon which relief may be granted.  Although the situation Pedraza described did not amount to any Fourth Amendment violation, leave to amend will be granted so that Pedraza may add details to his claim that may show a violation.

## CONCLUSION

The complaint is DISMISSED with leave to amend.  The amended complaint must be filed no later than **November 6, 2009**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: September 30, 2009

_____
Marilyn Hall Patel
United States District Judge