UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO PEDRAZA, | No. C 09-2247 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| WATSONVILLE POLICE DEPARTMENT OFFICER I. RODRIGUEZ, | |
| Defendant. | |

## INTRODUCTION

Julio Pedraza, an inmate at the Santa Clara County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court reviewed the complaint, noted a deficiency in it and permitted Pedraza to file an amended complaint. Pedraza's amended complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that
2 a right secured by the Constitution or laws of the United States was violated and (2) that the
3 violation was committed by a person acting under the color of state law.  See West v. Atkins,
4 487 U.S. 42, 48 (1988).

5    In his amended complaint, Pedraza alleges that he was subjected to a vehicle stop
6 without justification by Watsonville police officer I. Rodriguez.  He contends that the vehicle
7 "was stopped solely on the basis of ethnicity.  Two Hispanic male of dark complexion."
8 Amended Complaint, p. 3 (errors in source).  (The original complaint provides the additional
9 details that the event occurred on the evening of October 26, 2008, and that he was a
10 passenger in the vehicle.)

11    Pedraza neglects to mention in his complaint and amended complaint that he pled
12 guilty and was convicted of a violation of 8 U.S.C. § 1326 (unlawful reentry of a removed
13 alien) based on that arrest.  See United States v. Pedraza-Tellez, CR 08-786 JW at docket # 4
14 (indictment alleging that he was found in the United States on or about October 26, 2008
15 after having been previously removed from the country) and docket # 27 (minutes for entry
16 of guilty plea).  Although Pedraza's pleadings omit mention of this information, the court
17 takes judicial notice of the court's own records showing the conviction.  See Fed. R. Evid.
18 201.  The existence of that conviction requires the dismissal of the complaint.

19    A prisoner-plaintiff generally is precluded from obtaining damages in a § 1983 action
20 for alleged constitutional violations in connection with the criminal proceedings against him
21 as long as the conviction remains in place.  Heck v. Humphrey, 512 U.S. 477 (1994), held
22 that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or
23 imprisonment, or for other harm caused by actions whose unlawfulness would render a
24 conviction or sentence invalid, unless that conviction or sentence already has been
25 determined to be wrongful.  See id. at 486-87.  A conviction or sentence may be determined
26 to be wrongful by, for example, being reversed on appeal or being set aside when a state or
27 federal court issues a writ of habeas corpus.  See id.  The Heck rule also prevents a person
28 from bringing an action that -- even if it does not directly challenge the conviction or other

2

decision -- would imply that the conviction or other decision was invalid. The <u>Heck</u> rule applies to Fourth Amendment claims such as those asserted by Pedraza. See <u>Whitaker v. Garcetti</u>, 486 F.3d 572, 583-84 (9th Cir. 2007) (civil rights plaintiffs from challenging the search and seizure of evidence upon which their criminal charges and convictions were based); <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1015 (9th Cir. 2000); <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that <u>Heck</u> bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him"). A determination that the search or seizure was unlawful would imply the invalidity of the conviction, and therefore could not proceed as long as the conviction was in place. See <u>Whitaker</u>, 486 F.3d at 584.

Here, a determination in Pedraza's favor would be inconsistent with his conviction for the § 1326 offense that has one of its elements his unlawful presence in the United States. <u>Heck</u> bars the claim that Pedraza was subjected to an unlawful search and seizure because his conviction is still in place.

Pedraza's motion for extension of time to file his amended complaint is GRANTED. (Docket # 6.) The amended complaint is accepted as timely filed.

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice to plaintiff filing a new action for damages if his conviction is ever set aside. The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 22, 2010

_____
Marilyn Hall Patel
United States District Judge

3